Avlin P. LEWIS, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.

No. 19450.

Court of Civil Appeals of Texas,
Dallas.

Feb. 23, 1978.

Rehearing Denied March 22, 1978.

Alfred W. Ellis, Woodruff & Ellis, Dallas, for appellant.

Douglas A. Harrison, Gardere, Porter & DeHay, Dallas, for appellee.

ROBERTSON, Justice.

This is an appeal from a summary judgment for the insurance carrier in a worker's compensation proceeding. Avlin P. Lewis sued to set aside an award of the Industrial Accident Board and to recover worker's compensation benefits for the total loss of use of her left arm. The insurance company moved for summary judgment contending that Mrs. Lewis failed to give timely notice of her injury, and that she failed to timely file her claim for compensation with the Board. The trial court granted the insurance company's motion for summary

judgment, and Mrs. Lewis now appeals. We affirm.

 Section 4a of Article 8307 of the Texas Revised Civil Statutes provides:

> *Unless the Association or subscriber have notice of the injury,* no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease . . . [emphasis added]

Mrs. Lewis contends that her employer had knowledge of her injury and that the affidavits and deposition filed in support of the motion for summary judgment do not conclusively negate the existence of that knowledge. In support of her arguments, she cites *Belknap v. Texas Employers' Ins. Ass'n,* 556 S.W.2d 587 (Tex.Civ.App.—Dallas 1977, no writ), in which we held that in order to support a summary judgment, the insurance company must conclusively demonstrate that neither the employer nor any of his supervisory personnel had knowledge of the injury. While we recognize, of course, that we must apply the rule set forth in *Belknap* to this case, we nevertheless conclude that the insurance company has met the standard of proof required to sustain its summary judgment.

In *Belknap,* the company's motion for summary judgment was supported by the affidavits of Belknap's employer, his supervisor, and claims manager. The affidavits stated that Belknap did not notify them of any injury. According to our holding, those statements did not exclude the possibility that the employer had other supervisory personnel with knowledge of Belknap's injury. However, the evidence in the present case is substantially stronger than that considered in *Belknap.* Mrs. Lewis alleges her injury is the result of repeated lifting of a heavy briefcase, but asserts no overt accident that anyone else could have observed. In her deposition, she admitted that she did not report her injury to her employer until almost two years after the accident oc-

curred; before that time, she had discussed her condition with fellow employees, but had told no one that it was the result of an injury. She further stated that there was but one supervisor, an office manager, and admitted that she had not notified him of the injury. Her statements are confirmed by the affidavit of Mr. Cutts, the office manager, who stated that he did not learn of Mrs. Lewis' injury until she reported it in May, 1976, almost two years after the injury was sustained.

Under these circumstances, we hold that the insurance company has met its burden to conclusively establish lack of knowledge on the part of Mrs. Lewis' employer or her supervisor. Therefore, the summary judgment was properly rendered.

Affirmed.